UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AN THAI, Derivatively on Behalf of LORDSTOWN MOTORS CORP., <br><br><br> Plaintiff, <br> v. <br><br> STEPHEN S. BURNS, PHIL RICHARD SCHMIDT, JULIO C. RODRIGUEZ, ANGELA STRAND BOYDSTON, SHANE BROWN, MICHAEL FABIAN, KEITH A. FELDMAN, MICHAEL D. GATES, DAVID T. HAMAMOTO, JUDITH A. HANNAWAY, STEVEN R. HASH, MICKEY W. KOWITZ, DARREN POST, JANE REISS, ANDREW C. RICHARDSON, MARTIN J. RUCIDLO, DALE G. SPENCER, JOHN VO, AND MARK A. WALSH, <br><br> Defendants, <br><br> And <br><br> LORDSTOWN MOTORS CORP., a Delaware corporation, <br><br> Nominal Defendant. | Case No.: 4:21-cv-01267 <br><br> Judge: Patricia A. Gaughan |

## MOTION TO ENTER SCHEDULING ORDER AND DENY APPLICATION FOR ENTRY OF DEFAULT

Nominal Defendant Lordstown Motors Corp. ("Lordstown") respectfully moves the Court (1) to enter a scheduling order as set forth below or, in the alternative, to set a status conference, and (2) to deny Plaintiff's application for entry of default (ECF 7). In support of this motion, Lordstown states as follows:

1.      Plaintiff filed the complaint in this action on June 30, 2021.  (ECF 1.)  Plaintiff purports to bring the claims derivatively on behalf of Lordstown.  (*See, e.g., Id.* ¶¶ 1, 20.)  Accordingly, the alleged claims, if valid, belong to Lordstown and purportedly are brought for Lordstown's benefit.  (*Id.*)

2.      Four other derivative complaints, each substantially similar to Plaintiff's complaint, have been filed in the United States District Court for the District of Delaware.  Those actions have been consolidated as *In re Lordstown Motors Corp. Shareholder Derivative Litigation* (1:21-cv-604).[1]

3.      All of the filed derivative actions, including this one, are predicated in large part on the related consolidated securities class action pending in this Court, *Rico v. Lordstown Motors Corp., et al.* (4:21-cv-616).  Through this derivative action, Plaintiff, purportedly on behalf of Lordstown, seeks to hold certain individual defendants liable *to Lordstown* for allegedly exposing Lordstown to liability in the securities class action (and other related damages) by causing Lordstown to violate the securities laws.  (*See* ECF 1 at ¶ 20.)

4.      Plaintiff's claims therefore assume that Lordstown will be found liable in the securities class action.  However, Lordstown intends to move to dismiss the securities class action and otherwise to vigorously defend against those claims.  For this reason, among others, Lordstown intends to move to stay all of the derivative actions for some period while it defends against the securities class action.  *See, e.g., In re STEC, Inc. Derivative Litig.*, 2012 WL 8978155, at *4 (C.D. Cal. Jan. 11, 2012) (granting motion to stay derivative action; "[nominal defendant] STEC may suffer hardship or inequity if it is compelled to proceed in this action because Plaintiff's case will likely undermine STEC's defense in the Federal Securities Class

---

[1] Three of these four derivative complaints were filed before Plaintiff brought this action.

Action and will likely divert financial and management resources away from that action. Further, by virtue of bringing this derivative action, Plaintiff is STEC's fiduciary and has a duty to act in the company's best interest. It follows that Plaintiff may proceed with this action only if and when it is in STEC's best interest.") (citation omitted).

5. Lordstown's corporate charter provides that the District of Delaware or the Delaware Court of Chancery is to be the sole and exclusive forum for certain types of actions, including but not limited to derivative actions like the one brought by Plaintiff here, unless the company consents in writing to an alternate forum. Presumably, the other derivative plaintiffs considered this provision when determining to file their complaints in the District of Delaware.

6. Lordstown submits that as this procedurally complex (and potentially expanding[2]) derivative litigation continues to evolve, additional coordination, transferring one or more actions, or other complex-litigation management mechanisms may be required to minimize the burden on judicial and party resources.

7. This Court has entered a stipulated scheduling order in the consolidated securities class action. (4:21-cv-616, ECF 54.) Pursuant to that order, the plaintiffs filed their consolidated amended complaint in the securities class action on September 10, 2021, and briefing on the defendants' anticipated motion to dismiss is scheduled to be completed on March 3, 2022. (*Id.*)

8. In the consolidated derivative action in the District of Delaware, the court has entered a stipulated schedule for briefing on Lordstown's anticipated motion to stay. Briefing is scheduled to be completed on December 22, 2021. (1:21-cv-604, ECF 24.)

---

[2] It is common in cases like this one for plaintiffs' counsel to continue filing related complaints in multiple forums for several months.

3

9. Counsel for Lordstown has been engaged in discussions with Plaintiff's counsel in this action since at least July 12, 2021 concerning initial case management and scheduling issues, including potential waiver of service on behalf of individual defendants as part of a reasonable scheduling stipulation.

10. Nonetheless, on August 11, 2021, Plaintiff filed an application for entry of default against Lordstown—the nominal defendant for whose benefit Plaintiff purportedly brought this action. (ECF 7.) Plaintiff did not notify Lordstown before filing the application. While Plaintiff represents that it served Lordstown on July 6, 2021 (ECF 5), Plaintiff does not claim to have served any of the individual defendants against whom Plaintiff actually asserts claims.

11. Lordstown has continued its good faith efforts to reach an agreement with Plaintiff on initial case management issues despite Plaintiff's stratagem. Lordstown has proposed a schedule for an amended complaint and briefing on a motion to stay that is similar to the schedule entered in the District of Delaware action, but with dates slightly extended based on Plaintiff's counsel's stated availability. Specifically, Lordstown has proposed the following schedule:

- Plaintiff shall file an amended complaint or notice with the Court that Plaintiff is not amending at this time on or before September 17, 2021.

- Defendants shall file their anticipated motion to stay on or before November 1, 2021.

- Plaintiff shall file an opposition to the motion to stay on or before December 15, 2021.

- Defendants shall file a reply in further support of the motion to stay on or before January 19, 2022.

- If the motion to stay is denied, Defendants shall have sixty (60) days from the date the Court enters its order to answer, move to dismiss, or otherwise respond to the complaint.

Lordstown also has requested that Plaintiff withdraw the application for entry of default.

12. Plaintiff has expressed its willingness to agree to the foregoing proposed schedule and to withdraw the application for entry of default. However, Plaintiff has conditioned its agreement on additional terms. Plaintiff has demanded that Lordstown agree to limitations on when it may move to transfer this action. Plaintiff also has demanded that Lordstown agree to limitations on the bases upon which Lordstown may move to stay this action.

13. Despite Lordstown's good faith efforts to reach an acceptable compromise on Plaintiff's demands, Lordstown believes the parties are now at an impasse. In Lordstown's view, Plaintiff continues to insist on limitations that appear aimed at serving Plaintiff's counsel's strategic interests as he jockeys for position with other derivative plaintiffs' counsel, but that may prove adverse to the interests of judicial efficiency and preserving party resources as this multi-forum derivative litigation continues to develop. Lordstown therefore requests that the Court enter Lordstown's proposed scheduling order or, in the alternative, set a status conference.

14. Lordstown also requests that the Court deny Plaintiff's application for entry of default. Lordstown has not neglected this action, but instead has been actively engaged in case management discussions with Plaintiff's counsel both before and after Plaintiff filed the application for default. *See* Rule 55(a) (default requires showing that party "failed to plead *or otherwise defend*") (emphasis added); *Jervis B. Webb Co. v. Kennedy Grp.*, 2007 WL 2951396, at *1 (E.D. Mich. Oct. 10, 2007) ("A party may avoid the entry of default if it demonstrates that it 'intends to defend the suit.' In making this determination, 'courts now look beyond the presence or absence of formal actions to examine other evidence of active representation.'") (quoting *Lutomski v. Panther Valley Coin Exch.*, 653 F.2d 270, 271 (6th Cir.1981)). Entry of default is also improper because Plaintiff's complaint asserts no claims against Lordstown, the party that Plaintiff purportedly intends to benefit through this action. *See* Rule 55(a) (entry of

5

default applies only to "part[ies] against whom a judgment for affirmative relief is sought"). Moreover, Plaintiff cannot claim prejudice from any purported delay because Plaintiff has not served the individual defendants, against whom the complaint actually asserts claims, or accepted their offer to waive service as part of a reasonable scheduling stipulation.[3]

      WHEREFORE, Lordstown respectfully requests that the Court enter an order (1) setting the following schedule: Plaintiff shall file an amended complaint or notice with the Court that Plaintiff is not amending at this time on or before September 17, 2021; Defendants shall file their anticipated motion to stay on or before November 1, 2021; Plaintiff shall file an opposition to the motion to stay on or before December 15, 2021; Defendants shall file a reply in further support of the motion to stay on or before January 19, 2022; If the motion to stay is denied, Defendants shall have sixty (60) days from the date the Court enters its order to answer, move to dismiss, or otherwise respond to the complaint, and (2) denying Plaintiff's application for entry of default (ECF 7).

---

[3] For the same reasons, Lordstown submits that "good cause" would exist to set aside an entry of default under Rule 55(c).

Dated: September 13, 2021 Respectfully submitted,

    */s/ Douglas L. Shively*
    Douglas L. Shively (0094065)
    Baker & Hostetler LLP
    Key Tower, 127 Public Square, Suite 2000
    Cleveland, OH 44114
    Telephone: 216.621.0200
    Facsimile: 216.696.0740
    dshively@bakerlaw.com

    Douglas W. Greene (*pro hac vice* forthcoming)
    Baker & Hostetler LLP
    999 Third Avenue, Suite 3900
    Seattle, WA 9814
    Telephone: 206.332.1380
    Facsimile: 206.624.7317
    dgreene@bakerlaw.com

    *Attorneys for Lordstown Motors Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will notify all counsel of record.

                            */s/ Douglas L. Shively*
                            An attorney for Lordstown Motors Corp.